■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO DIAZ, Appellant. [723 NYS2d 857] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered March 18, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree, and bail jumping in the first degree, and sentencing him, as a second felony offender, to three concurrent terms of 6 to 12 years, consecutive to a term of 2 to 4 years, unanimously affirmed.

Defendant failed to preserve his challenge to police testimony regarding the general practices of street-level drug dealers

(*People v Tevaha*, 84 NY2d 879), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the testimony carried no suggestion of large-scale drug activity, and that it was relevant to explain defendant's role in the sales and the absence of drugs and money on defendant's person when he was arrested (*see, People v Kelsey*, 194 AD2d 248). The prosecutor's references during summation to the same testimony drew reasonable inferences from the evidence and were responsive to the defense summation (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976). Defendant's remaining challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal.

Contrary to defendant's argument, his bail jumping conviction was based on legally sufficient evidence and was not against the weight of the evidence. The evidence, viewed in light of the presumption of regularity, establishes that on the date prior to defendant's failure to appear, defendant was present in court and was advised of the date upon which he was required to return.

We perceive no basis for reduction of sentence. Concur—Rosenberger, J. P., Nardelli, Tom, Wallach and Saxe, JJ.